UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| C EDWARDS CONCEPTS, LLC | CIVIL ACTION NO. 22-cv-5303 |
| VERSUS | JUDGE DONALD E. WALTER |
| CITY OF SHREVEPORT, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

The complaint in this civil action was filed by C. Edwards Concepts, LLC ("Plaintiff") against the City of Shreveport, its mayor, a city councilman, and a risk management official. The complaint alleged that the defendants engaged in wrongdoing in connection with proceedings related to a potential contract to provide recycling services to the city. Plaintiff is a legal entity that must be represented by counsel, its counsel has abandoned the case, and Plaintiff has not enrolled new counsel despite the court allowing a reasonable opportunity and warning that failure to do so would result in dismissal for failure to prosecute. For the reasons that follow, it is recommended that this civil action be dismissed.

The complaint was signed by Charlette Edwards on behalf of the LLC plaintiff. The court issued a notice of deficiency because Ms. Edwards was not an attorney admitted to this court, and an entity must be represented by counsel. Memon v. Allied Domecq QSR, 385 F.3d 871, 873 (5th Cir. 2004). Attorney Mark W. Odom filed a notice of appearance on behalf of Plaintiff, and the court entered an order that enrolled him as counsel. The

court entered another order that directed Plaintiff to promptly serve the defendants and file evidence of service.

Plaintiff did not file evidence of timely service, so the court filed notice of intent to dismiss the case for failure to effect service within 90 days. The notice permitted Plaintiff an opportunity to request an extension of time within 14 days. Plaintiff did nothing, so the court entered an order of dismissal that allowed for reinstatement within 30 days for good cause shown.

Plaintiff took no action within the allowed 30 days, but Ms. Edwards, on behalf of Plaintiff, filed a Motion for Extension of Time (Doc. 17) about three weeks after the deadline and asked for an extension of time to reinstate the case. She complained that Plaintiff's relationship with its attorney was unsatisfactory and that she was unaware of the failure to make timely service and the resulting dismissal of the case. An attached letter from attorney Odom explained how he had enrolled to save the case from dismissal for lack of counsel, but his subsequent review of the case indicated that Plaintiff did not have a viable public bid law claim (within his area of practice) but could perhaps pursue a civil rights claim (an area in which he lacked adequate experience). Odom wrote that he would need to withdraw, but he was willing to recommend new attorneys. Odom has not filed a motion to withdraw, but it appears that he has abandoned the case.

The court entered an order (Doc. 18) that directed the clerk of court to reopen the case. Plaintiff was granted more than the 60 days it requested, until September 15, 2023 to enroll new counsel. The order warned: "Failure to do so will result in dismissal for failure to prosecute." The clerk of court mailed a copy of that order to Plaintiff c/o Ms.

Edwards. The September 15, 2023 deadline has passed, but there has been no action of record by Plaintiff or any attorney acting on its behalf.

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or without notice to the parties." Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir.1982).

The court provided more than 60 days for Plaintiff to enroll new counsel. Plaintiff has taken no action and has not attempted to demonstrate good cause for any additional extension of time. The court cannot proceed further with this action when the named plaintiff is an entity that is not represented by counsel and cannot otherwise participate in the litigation process. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

It is recommended that this civil action be dismissed without prejudice for failure to prosecute.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of September, 2023.

_____
Mark L. Hornsby
U.S. Magistrate Judge